LOHIER, <u>Circuit Judge</u>, <u>concurring</u>:

I agree entirely with our resolution of the issue of English law involved here and concur fully in the majority opinion. I write separately to add that, as a result of commercial agreements and the growing number of international commercial disputes, we are asked with increasing frequency to decide issues that require us to determine and apply foreign law. This case illustrates the trend. Although the Federal Rules of Civil Procedure make it clear that "determining foreign law" falls well within the province of federal courts, Fed. R. Civ. P. 44.1, we will encounter more and more cases involving unsettled questions of foreign law that implicate important policy preferences of a foreign nation.

When faced with difficult questions of state law, we have a well-developed, successful system of certifying the question to state courts that promotes the development of state decisional law by state courts and strongly reflects principles of comity and federalism. Previous opinions and academic journals have adequately described that state certification system, and I do not need to do so again here. In the context of cross-border commercial disputes, there is every reason to develop a similar formal certification process pursuant to which federal courts may certify an unsettled and important question of foreign law to the courts of a foreign country. Fortunately, in this case, the question appears to have been neither unsettled nor especially important to the development of English law.